Philip D. Dracht (SBN 219044)
Fabian VanCott, PLC
95 S State St Suite 2300
Salt Lake City, UT 84111
Tele: (801) 531-8900
Email: pdracht@fabianvancott.com

Adam H. Mindle (SBN 185079)
Greystone Law Group, LLP
400 Manhattan Beach Blvd.
Manhattan Beach, CA 90266
Tele: (213) 867-2079
Email: amindle@greystonelawgroup.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ELLIOT BUILDERS, INC., a California Corporation,<br><br>             Plaintiff,<br><br>vs.<br><br>ELLIOT WALL, an individual; and ELLIOT WALL DESIGN & BUILD, INC., a California corporation,<br><br>             Defendants | Case No.:  2:26-cv-6113<br><br>**COMPLAINT**<br><br>**1. False Designation of Origin (15 U.S.C. § 1125(a))**<br>**2. State Trademark Infringement (Cal. Bus. & Prof. Code § 14245)**<br>**3. Unfair Business Practices (Cal. Bus. & Prof. Code § 17200)**<br>**4. Trademark Dilution (Cal. Bus. & Prof. Code § 14247)**<br>**5. Common Law Trademark Infringement**<br>**6. Unjust Enrichment**<br><br>**JURY DEMAND** |

COMPLAINT

1. Defendant, Elliot Wall, is an individual who owns and operates Elliot Wall Design & Build, Inc., which is a California corporation, having been incorporated in 2021, with its principal place of business at 719 S. Los Angeles St., Ste. 807, Los Angeles, CA 90014.

2. Plaintiff brings this action for false designation of origin and unfair competition under 15 U.S.C. § 1125(a), by creating a likelihood of confusion as to source, sponsorship, affiliation, or approval.

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338.

4. This Court has supplemental jurisdiction over any state of California statutory and common law claims pursuant to 28 U.S.C. § 1367.

5. Upon information and belief, this Court has specific personal jurisdiction over Defendants because Defendants are located and doing business in California and purposefully directed their activities to the state of California, have availed themselves to this jurisdiction, have minimum contacts with this forum, and this action is based upon activities that arise out of or related to those contacts.

6. Additionally, this Court has general personal jurisdiction over the Defendants because California is the primary place where the infringing acts have occurred, and such acts and contacts with California are substantial, continuous, and systematic.

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS
### PLAINTIFF'S SERVICES AND INTELLECTUAL PROPERTY

8. Plaintiff is in the business of commercial and residential construction.

9. Plaintiff is the owner of California Service Mark Registration No. 02064686 (the "686 Registration"), bearing the literal elements DAVID ELLIOT

BUILDERS for commercial and residential construction services in Class 037. *See attached Exhibit A (Plaintiff's Service Mark Registration)*.

10. Plaintiff has openly and continuously used the mark in connection with its business since its incorporation in May 2016 and has acquired common law rights in the mark.

11. Plaintiff sent multiple cease and desist demands to Defendants, who have continued use of the confusingly similar mark ELLIOT BUILDERS. Said demands were sent on March 19, 2026, April 14, 2026, and April 20, 2026.

12. Through its decade of use, Plaintiff has invested substantial resources in advertising, marketing, and promoting its services under the DAVID ELLIOT BUILDERS mark, including through its website at davidelliot.la, business signage, advertising brochures, business cards, and letterhead.

13. As a result of Plaintiff's continuous and exclusive use, the DAVID ELLIOT BUILDERS mark has acquired secondary meaning and is recognized by consumers in the Los Angeles construction market as identifying Plaintiff's services. This is evident by Plaintiff's inclusion as a general contractor in the Architectural Digest PRO Directory, which vets high-end developers and builders.

14. Since inception, Plaintiff has completed over 80 custom luxury single-family residences (including ground-up development and material renovation), with annual average gross revenue of $35M under Contractors State License Board #1021000. Plaintiff also has extensive press coverage including magazine features, online articles, and recognition through Instagram.

Representative examples of such press and media coverage crediting Plaintiff as the builder are attached as Exhibit C (Plaintiff's Press and Media Coverage).

## DEFENDANTS' INFRINGING ACTS

15. Upon information and belief, Defendants have been doing business as (DBA) Elliot Builders, and using the term "Elliot Builders" in their branding of their commercial and residential construction services, which infringes the '686

Registration. Los Angeles County fictitious business name records reflect that Defendant filed the "Elliot Builders" DBA on November 2, 2023, more than seven years after Plaintiff began using the DAVID ELLIOT BUILDERS mark in commerce.  See attached Exhibit B (Defendant's Infringing Use).

16.    Upon information and belief, Defendants conduct business from physical locations where infringing acts are occurring, as well as online on social media platforms such as Instagram under the handle "elliot.builders."  ***Refer to Exhibit B***.

17.    Defendants' use of ELLIOT BUILDERS in connection with commercial and residential construction services causes confusion in light of the '686 Registration.

18.    Specifically, the term ELLIOT BUILDERS is prominent in Plaintiff's mark.  ELLIOT BUILDERS and DAVID ELLIOT BUILDERS are similar in appearance, and phonetical sound, as well as commercial impression for the same underlying services in the same industry, thereby targeting the same consumers, and identical channels of trade.

19.    Defendants' services are sold in direct competition/unfair competition to the services associated with the '686 Registration.

20.    Plaintiff is aware that consumers have already confused the parties' services. Defendants, their agents, owners, and representatives have failed to provide consumers with clear distinction between the two—while continuing to represent themselves as "Elliot Builders," despite Plaintiff bringing the fact of this confusion to Defendants' attention, and despite Plaintiff's common law and '686 registration.

21.    In fact, here, evidence of actual confusion is substantial and includes, but is not limited to: (a) prospective clients soliciting Plaintiff for work in early 2026 under the mistaken belief that Plaintiff was the contractor on a nearby project actually managed by Defendants; (b) subcontractors physically appearing at

Plaintiff's place of business to collect payment for services rendered to Defendants; and (c) industry vendors seeking to bid on projects after seeing Defendants' signage and marketing materials in Altadena, which they mistakenly attributed to Plaintiff.

22.    Upon information and belief, Defendants have actively marketed fire-damage restoration and rebuilding services in the Palisades and Altadena areas of Los Angeles County using the ELLIOT BUILDERS name, including through social media posts and on-site signage, in direct competition with Plaintiff's insurance restoration and rebuild services.

23.    Both Plaintiff and Defendants operate in the Los Angeles metropolitan area and serve overlapping geographic markets. Upon information and belief, Defendants have performed work and displayed signage in neighborhoods where Plaintiff actively performs construction services and maintains client relationships, including but not limited to Altadena and Glassell Park.

24.    Internet searches for "Elliot Builders" return Defendants' Instagram page (instagram.com/elliot.builders) as the second result, immediately after Plaintiff's website (davidelliot.la), further compounding consumer confusion and diverting prospective clients from Plaintiff to Defendants.

25.    Defendant Elliot Wall's incorporated entity is named "Elliot Wall Design & Build, Inc." The DBA "Elliot Builders" is not a natural abbreviation of that corporate name. It selectively drops "Wall" (the one element that would distinguish Defendant from Plaintiff) and substitutes the generic word "Builders" for "Design & Build" (converging on the exact term used in Plaintiff's registered mark). Whatever Defendant's reasons for avoiding "Wall" in its trade name, the result is a DBA that reproduces the dominant, distinctive portion of Plaintiff's mark while eliminating the only element of Defendant's own name that would prevent confusion.

26.    The deception, misrepresentation, confusion, diversion, and usurpation as described in this Complaint has been perpetrated through not only

various signs, websites and other written and graphic means, but also through the practices of the Defendants' owners, agents, and representatives.

27.    Based on all foregoing points, Defendants' use of such a similar mark is likely to cause confusion, or to cause mistake, or to deceive consumers as to the source and origin of the underlying services.

28.    Upon information and belief, by adopting the DBA name ELLIOT BUILDERS, Defendants have purposefully and intentionally attempted to trade on the goodwill associated with the ELLIOT BUILDERS mark and '686 Registration.

29.    Without limitation, Defendants' pattern of infringing acts, omissions, conduct, deception, infliction of harm, confusion of origin, and diversion and usurpation of customers and lost profits the Plaintiff should have enjoyed, been ongoing without abatement, despite the '686 Registration and demands to cease and desist.

30.    Legal remedies, although necessary, are insufficient alone and equitable remedies are also required.  Without equitable and declaratory relief as sought in relation to the various allegations, claims, and prayers set forth in this Complaint, the Court cannot achieve equitable results, render adequate remedies to the Plaintiff, grant the Plaintiff's various prayers, or fully dispose of the disputed matters raised herein.

31.    Irreparable injury has been threatened by Defendants and suffered by Plaintiff as a result of Defendants' conduct.

32.    Plaintiff seeks all remedies available under governing law, including equitable, injunctive, declaratory, and monetary relief, together with all fees and costs available, pleaded in the alternative and without waiver of any remedy not expressly stated.

## FIRST CAUSE OF ACTION
### (False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))

*(Against All Defendants)*

33.    Plaintiff hereby incorporates by reference the preceding allegations of this complaint as if set forth fully herein.

34.    Plaintiff owns all right, title, and interest in the DAVID ELLIOT BUILDERS mark in relation to commercial and residential construction in the State of California.

35.    The DAVID ELLIOT BUILDERS mark is a protectable mark. Through Plaintiff's continuous and exclusive use of the mark in commerce since May 2016, the mark has acquired secondary meaning and is recognized by the relevant consuming public in the Los Angeles construction market as identifying Plaintiff as the source of the services offered under the mark.

36.    Defendants' use of ELLIOT BUILDERS in commerce in connection with commercial and residential construction services constitutes a false designation of origin that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, affiliation, or approval of Defendants' services, in violation of 15 U.S.C. § 1125(a).

37.    Defendants' infringing activities have damaged Plaintiff in an amount to be proven at trial.

38.    Among other remedies, Plaintiff is entitled to disgorge any of Defendants' profit from its commercial and residential construction and related components, as well as its lost profits and other damages sustained by Plaintiff due to Defendants' infringing activities, and litigation costs for having to bring this action under 15 U.S.C. §1125(a).

39.    Additionally, the harm to Plaintiff arising from these acts by Defendants is not fully compensable by money damages, as Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendants is preliminarily and permanently enjoined.

40. Upon information and belief, Defendants' conduct is willful and intentional, rendering this an exceptional case and supporting an award, in the Court's discretion, of enhanced damages up to three times Plaintiff's actual damages and of attorney's fees under 15 U.S.C. § 1117.

41. Counsel for Plaintiff sent cease and desist letters and numerous emails to Defendants, but Defendants assert non-infringement and have not ceased use of the confusingly similar mark.

42. Upon information and belief, Defendants offered for sale their services using the confusingly similar designation ELLIOT BUILDERS, knowing it would cause consumers to be confused as to the source or origin. Defendants knew, or should have known, that their actions were highly likely to cause confusion. Consequently, Defendants have engaged in willful and deliberate conduct in violation of Plaintiff's rights under 15 U.S.C. § 1125(a) and at common law.

43. Plaintiff is therefore entitled to enhanced damages, attorneys' fees, costs, and prejudgment interest, as the Court in its discretion may award under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### *(State Trademark Infringement, Cal. Bus. & Prof. Code § 14245)*
### *(Against All Defendants)*

44. Plaintiff incorporates by reference the allegations set forth above as though fully stated herein.

45. Plaintiff is the owner of California Service Mark Registration No. 02064686 for the mark DAVID ELLIOT BUILDERS.

46. Defendants have used, and continue to use, the mark ELLIOT BUILDERS in connection with construction services in California, which reproduces the dominant, distinctive element of Plaintiff's registered mark and is likely to cause confusion, mistake, or deception.

47.    Defendants' conduct constitutes infringement of Plaintiff's registered mark in violation of California Business and Professions Code § 14245.

48.    Plaintiff has suffered actual damages as a result of Defendants' infringement in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Unfair Business Practices, Cal. Bus. & Prof. Code § 17200)

### *(Against All Defendants)*

49.    Plaintiff hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

50.    Plaintiff owns all right, title and interest in and to the mark of the '686 Registration.

51.    Defendants have engaged in unfair methods of competition to pass off their services as those provided and sold by Plaintiff in the same channels of commerce.

52.    Upon information and belief, Defendants knew that use of the mark directly impacts Plaintiff's California business and its rights granted by the '686 Registration.

53.    By engaging in the above-described activities, Defendants have engaged in unlawful and unfair business practices within the meaning of California Business and Professions Code § 17200. Defendants' conduct is unlawful insofar as it violates 15 U.S.C. § 1125(a) and California Business and Professions Code § 14245, and is independently unfair because the harm to Plaintiff's goodwill and customer relationships substantially outweighs any utility of Defendants' use of the mark ELLIOT BUILDERS.

54.    As a result of Defendants' unlawful and unfair business practices, Defendants have obtained money or property in which Plaintiff has an interest. Plaintiff is entitled to an injunction restraining Defendants' conduct and to

restitution of such amounts, as provided under California Business and Professions Code §§ 17203 and 17204.

55.    Additionally, the harm to Plaintiff arising from these acts by Defendants is not fully compensable by money damages. Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this unfair conduct by Defendants is preliminarily and permanently enjoined.

**FOURTH CAUSE OF ACTION**

**(Trademark Dilution, Cal. Bus. & Prof. Code § 14247)**

***(Against All Defendants)***

56.    The DAVID ELLIOT BUILDERS mark is famous and distinctive within the meaning of California Business and Professions Code section 14247. Through Plaintiff's continuous and exclusive use of the mark in commerce since May 2016, and its substantial advertising and promotion of construction services under the mark, the DAVID ELLIOT BUILDERS mark has become widely recognized as a designation of source for Plaintiff's services among the consuming public within the Los Angeles metropolitan area, including projects in North Hollywood, Hancock Park, Beverly Hills, Pacific Palisades, and Beverlywood geographic areas of this state.  Again, Plaintiff's service sales under the DAVID ELLIOT BUILDERS mark total an average of $35M annually. Plaintiff's work has earned recognition and prestige within the architecture and interior design community.

57.    Defendants have diluted Plaintiff's mark for commercial and residential construction services in the State of California, by blurring the association arising from the similarity between Plaintiff's registered mark and Defendants' use of the mark as its tradename and doing so has impaired the distinctiveness of Plaintiff's mark.

-10-

COMPLAINT

58.     Defendants have also caused dilution by tarnishment due to Defendants' use of a trade name so similar to Plaintiff's mark, which has harmed Plaintiff's reputation.

## FIFTH CAUSE OF ACTION

### *(Common Law Trademark Infringement and Unfair Competition)*

### *(Against All Defendants)*

59.     Plaintiff incorporates by reference the allegations set forth above as though fully stated herein.

60.     Plaintiff owns common law rights in the DAVID ELLIOT BUILDERS mark, acquired through continuous use since 2016.

61.     Defendants have used, and continue to use, the confusingly similar mark ELLIOT BUILDERS to pass off their services as those of Plaintiff in the same channels of commerce.

62.     Defendants' conduct constitutes common law trademark infringement and unfair competition under California law.

63.     Plaintiff has suffered actual damages as a result of Defendants' common law infringement in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (Unjust Enrichment / Quasi-Contract for Restitution)

### *(Against All Defendants)*

64.     Plaintiff hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

65.     This cause of action is pled in the alternative as a quasi-contract claim for restitution. To the extent Defendants have been unjustly enriched through their unauthorized use of Plaintiff's mark, the law implies a quasi-contractual obligation requiring Defendants to restore to Plaintiff the benefits so obtained.

66.     Defendants have benefited from the improper, unfair, and unauthorized use of Plaintiff's mark as alleged herein.

67. Defendants knew or should have known of and fully appreciated the benefits they have received from Plaintiff as a result of their actions.

68. Defendants would be unjustly enriched if they were permitted to retain the proceeds obtained from such actions.

69. Equity and good conscience require that Defendants be required to account for and pay Plaintiff an amount equal to the value of the benefits conferred upon them.

## REQUEST FOR RELIEF

**WHEREFORE**, it is respectfully requested that the Court award relief, order, declaration, judgment, and remedy in favor of Plaintiff as requested throughout this Complaint and as follows:

1. That the Court find that Defendants have infringed the Plaintiff's mark in violation of common law rights and the rights granted by the '686 Registration.

2. For a judgment and decree of this Court enjoining the Defendants, their officers, agents, employees, and all others acting in concert with any of them, from using the mark, in the advertising, marketing or sale of Defendants' services or any other capacity;

3. For judgment in an amount equal to the sum of (i) Defendants' profits, (ii) damages sustained by Plaintiff, not to exceed three times such amount, and (iii) the costs Plaintiff has incurred in bringing this action;

4. For an accounting by Defendants of all profits attributable to Defendants' unlawful conduct;

5. For Defendants to be ordered to pay damages to Plaintiff, together with pre- and post-judgment interest at the federal statutory interest rates;

6. That the Court award Plaintiff enhanced damages, up to three times Plaintiff's actual damages, in the Court's discretion pursuant to 15 U.S.C. § 1117;

7. That the Court award Plaintiff its costs and attorney fees related to this action pursuant to 15 U.S.C. §1117.

8.      That Plaintiff be awarded such other and further relief which is just and proper to the Court.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all its claims and issues so triable.

DATED: June 4, 2026                             **FABIAN VANCOTT**

*/s/ Philip D. Dracht*
Philip D. Dracht (SBN 219044)
Attorneys for Plaintiff
David Elliot Builders, Inc.

Adam H. Mindle (SBN 185079)
GREYSTONE LAW GROUP, LLP
Attorneys for Plaintiff
David Elliot Builders, Inc.